**S.M. Abdul Kader SIDDIKI,\***
**Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–2728–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2007.

---

\* This caption varies from the official caption, which contains an incorrect spelling of petitioner's last name. The Clerk of the Court is directed to amend the official caption accordingly.

Salim Sheikh, New York, NY, for Petitioner.

George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, NC, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

S.M. Abdul Kader Siddiki, a native and citizen of Bangladesh, seeks review of a June 2, 2006 order of the BIA summarily affirming immigration judge ("IJ") William Jankun's September 29, 2004 decision deeming Siddiki's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") waived. *In re S.M. Abdul Kader Siddiki*, No. A96–427–133 (B.I.A. June 2, 2006), *aff'g* A96–427–133 (Immig. Ct. N.Y. City Sept. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

**Time Limits/ Waiver of Opportunity to File Application**

Pursuant to 8 C.F.R. § 1003.31(c), the IJ has broad discretion to set and extend the time limits for filing applications for relief and related documents. "If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c). The IJ also has the discretion to extend deadlines. *See id.*

■ At the June 9, 2004 master calendar hearing, during which Siddiki requested an extension in order to file his applica-

tions for asylum, withholding of removal, and CAT relief, the IJ stated, "September 7, 2004, the application and the waiver are not filed by that date, I'll deem the applications waived and denied for lack of prosecution. Understood, Mr. Sheikh?" Sheikh, Siddiki's attorney, responded, "Yes, I understand." However, when the IJ scheduled another master calendar hearing for September 22, 2004, Sheikh asked if he could file the application at the master calendar hearing, to which the IJ responded, "If filed beforehand. Copy— original copy to the Court, copy to the Government." Mr. Sheikh argues that this conversation indicates that the IJ changed the filing deadline, and we agree that this conversation did not make the deadline clear to petitioner. The IJ therefore erred in declining to accept Siddiki's motion to submit his late application.

**IJ's Responsibility to Inform Applicant of Rights and Nature of Proceedings**

Siddiki also argues that the IJ failed to perform his duties under 8 C.F.R. §§ 1240.10(a) and 1240.11(a). Pursuant to 8 C.F.R. § 1240.10(a), during removal proceedings the IJ must, *inter alia,* (1) advise the alien of his right to be represented by counsel at no expense to the government; (2) advise the alien of the availability of free legal services; (3) ascertain that the alien has received a list of such services; and (4) advise the alien that he will have an opportunity to present evidence, examine evidence presented against him, and cross examine witnesses presented by the government. The hearing transcript re-

flects that the IJ informed Siddiki of each of these rights and the nature of his proceedings during Siddiki's initial master calendar hearing. Siddiki also relies on 8 C.F.R. § 1240.11(a), which addresses the "Creation of the status of an alien lawfully admitted for permanent residence." Because Siddiki was never admitted to the United States for permanent residence, this regulatory provision does not apply to him, and his argument is misplaced.

■ Finally, this Court lacks jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel. *Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review is **GRANTED** and the decision of the Board of Immigration Appeals is **VACATED** and **REMANDED**. Having completed our review, the stay of removal that the Court previously granted in this petition is **VACATED**.